UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RELLER JONES, ET AL                  CIVIL ACTION NO. 12-cv-0381

VERSUS                                     JUDGE HICKS

SHANER SPE ASSOCIATES, LP       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

       Robert and Reller Jones ("Plaintiffs") filed suit in state court on February 8, 2011 and alleged that Reller was injured during a stay at the Holiday Inn West in Shreveport when a television set fell off the dresser in the room. Defendant Shaner SPE Associates, LP removed the case just over a year later, on February 9, 2012, based on an assertion of diversity jurisdiction.

       Plaintiffs have filed a Motion to Remand (Doc. 7) on the grounds that the removal was untimely because of the provision in 28 U.S.C. § 1446(b) that generally prohibits removal based on diversity jurisdiction more than one year after commencement of the action. Defendant responds that the untimeliness should be forgiven based on Plaintiffs' bad faith. For the reasons that follow, the court finds that Plaintiffs did not act in bad faith. The motion to remand will be granted.

**Applicable Law**

A defendant who desires to remove a civil action from a state court must file a notice of removal within 30 days after receipt of a copy of the initial pleading setting forth the claim for relief. If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action. 28 U.S.C. § 1446(d).

The Fifth Circuit has held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." Tedford v. The Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003). The Federal Courts Jurisdiction and Venue Clarification Act of 2011, effective January 6, 2012, amended Section 1446 by adding language that codifies a similar exception to the one-year limit. The statute now provides that a case that was not initially removable may not be removed on the basis of diversity jurisdiction more than one year after commencement, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The statute continues: "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in

controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1)."
Id.

The Act, which became effective on January 6, 2012, states that the amendments to Title I (which includes the amendments to Section 1446) "shall apply to any action or prosecution commenced on or after such effective date." Public Law 112-63, § 105(a). It then adds in § 105(b) that "[f]or purposes of subsection (a), an action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court."

Defendant quotes Section 205 of the Act and argues that it means the revisions to Section 1446 apply to any action removed on or after January 6, 2012. The court disagrees. Section 205 governs the effective date of Title II, the venue and transfer improvements; Section 105 governs the effective date of the amendments to Section 1446.[1] Even if Section 205 applied here, it provides that the amendments apply to "any action that is removed from a State court to a United States district court and that had been commenced, within the meaning of State law, on or after such effective date." Under either section, the removed action must have been commenced, within the meaning of state law, on or after January 6, 2012. This action was commenced in state court in February 2011, so it will be governed by

---

[1] See Christiansen v. West Branch Community School Dist., --- F.3d ----, 2012 WL 952813, n. 2 (8th Cir. 2012).

Tedford rather than the Act. The court expresses no opinion on how or whether those two approaches may differ.

**Relevant Facts**

The original petition alleged that Plaintiffs' motel room was furnished with a dresser, and a television set was on top of the dresser. Mrs. Jones opened a drawer of the dresser to put clothing in the drawer, the dresser tilted forward, and the television fell forward off the dresser. Mrs. Jones grabbed the television as it fell to keep it from falling on her grandchild. Mr. Jones helped her place the television back on the dresser.

The petition alleged that Mrs. Jones was "seriously injured." She alleged "permanent and disabling injuries" to both arms, both shoulders, her neck, and her back. The injuries were alleged to be permanent in nature. In accordance with Louisiana law, the petition did not pray for any particular amount of damages. It also did not describe the nature of the alleged injuries, suggest what medical treatment may have been required, or offer other particular facts about the injuries.

Defendant apparently was of the view that the case was not initially removable based on these allegations; it did not attempt a removal within 30 days of service. That is consistent with the view of the undersigned that removal is not permitted in a diversity case merely because the petition describes injuries with strong adjectives such as disabling, severe, and debilitating. Supporting facts are required to back those claims. Such adjectives are found in virtually every personal injury petition filed in the state and city courts, even when only

mild soft tissue injuries are at stake. Nordman v. Kansas City Southern Ry. Co., 2009 WL 976493, *2 (W.D. La. 2009).

A few months later, Defendant served Plaintiffs a request for admission as to whether they were seeking damages in excess of $50,000, which is the threshold for obtaining a jury trial in state court. Plaintiffs responded: "Denied. At this time, plaintiffs do not believe that their damages exceed $50,000." Defendant took Mrs. Jones' deposition on September 14, 2011. She described her medial care, which included physical therapy, injections, and an MRI. She was asked about a follow-up physician visit, which she described as follows:

> He told me there was definitely a problem in my shoulders, in my right shoulder, which is what he was looking at that day. And that I had done physical therapy, I had had the shots, and it still wasn't improving. And he explained to me on a picture why, and then he told me the next step would be surgery.

Plaintiff said she had agreed to surgery on her right shoulder and was scheduled to see her physician on September 24 to discuss scheduling it. She added that her physician wanted to operate on her left shoulder after the right shoulder surgery. Two days after the deposition, counsel for Plaintiff served a supplemental response to the request for admission and admitted Plaintiffs were seeking damages in excess of $50,000, explaining, "at this time, plaintiffs believe that their damages will exceed $50,000, as plaintiff may undergo shoulder surgery because of the injuries she received in this matter."

Plaintiffs also served answers to interrogatories in September 2011. The answers outline the dates and places Mrs. Jones had received medical treatment, noted a total of over $14,000 in medical bills, stated that Mrs. Jones was still receiving treatment, and stated that

she was scheduled for surgery on her right shoulder at the end of the month. Plaintiffs declined to list an amount of general damages sought, saying they could not do so at the time because of the continuing nature of the injuries.

To this point, Defendant had never asked Plaintiffs if either of them sought damages in excess of $75,000. Defendant finally sent a request for admission on that issue on January 16, 2012. Plaintiffs did not and have not responded. Louisiana Code of Civil Procedure article 1467 provides that the matter is admitted unless, within 15 days after service, the party to whom the request is directed serves an answer or objection. The fifteenth day was Tuesday, January 31, 2012, which left several days before the one-year anniversary on Wednesday, February 8, 2012 to attempt a timely removal. Defendant, however, waited until one day later.

**Analysis**

Tedford did not attempt to set forth detailed rules or guidelines on how the courts should apply the equitable exception, but the rather egregious and obvious facts of that case were found to present circumstances in which equity required the one-year limit be extended.[2] District courts have since found equitable grounds to extend the time for removal only when the manipulation was clear or admitted. See Baby Oil, Inc. v. Cedyco Corp., 654

---

[2] The plaintiff in Tedford, upon learning that the defendant intended to remove, joined a non-diverse defendant against whom plaintiff did not intend to pursue a claim. After the case was remanded to state court, the plaintiff signed and post-dated a notice of nonsuit before the one-year anniversary, but did not give notice of this nonsuit to the defendant who intended to remove until after the one-year deadline had expired.

F.Supp. 2d 508, 515 (E.D. La. 2009) (collecting cases). One judge noted that suspicious circumstances that create a mere "aroma of manipulation" do not amount to the egregious, clear pattern of forum manipulation seen in cases that have applied the exception. Foster v. Landon, 2004 WL 2496216, *2 (E. D. La. 2004). The estoppel doctrine is rarely used and requires a "transparent attempt to circumvent federal jurisdiction." Joiner v. McLane Company, Inc., 2008 WL 1733655, *2 (W. D. La. 2008), quoting Foster.

There is no evidence Plaintiffs attempted to engage in manipulation that might give rise to equitable tolling under Tedford. Plaintiffs answered the request for admission about whether the amount sought exceeded $50,000, and they amended their response when Mrs. Jones' condition worsened a few months later. Ms. Jones candidly described the failure of her conservative treatment and said that she planned to have surgery on both shoulders. Plaintiffs promptly amended their request for admission regarding the $50,000 issue, and they again gave complete information about medical expenses and planned surgery in response to written discovery. All of this happened well within the one-year period.

What did not happen until January 16, 2012 – less than one month before the one-year limit – was Defendant serving a request that Plaintiffs admit whether the amount in controversy exceeded $75,000. Plaintiffs did not timely respond, but that can hardly be characterized as forum manipulation when the law deemed the matter admitted when there was no response. Defendant offers no explanation why it did not seek such an admission earlier in the case. Defendant also does not explain why it did not promptly remove before

the one-year deadline once the deadline passed for responding to its request for admission, or earlier in the case based on the information about Mrs. Jones needing surgery.

Defendant argues that it has yet to receive an "other paper" from which it could first be ascertained that the case has become removable under the second paragraph of Section 1446(b).[3] Whether or not that is true, the one-year period that applies to removals under that provision passed without removal by Defendant. Once the one-year limit expires, with or without service of other paper, the time for a diversity-based removal under the second paragraph of Section 1446(b) has passed. That time passed in this case, and Defendant has not demonstrated entitlement to an equitable exception from the rule. Accordingly, and subject to the stay set forth in the accompanying order, Plaintiffs' **Motion to Remand (Doc. 7)** will be **granted**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of May, 2012.

---

[3] A transcript of deposition testimony may be "other paper." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir.1996). The "other paper" must be unequivocally clear and certain to trigger the 30-day period under the second paragraph of Section 1446(b). Bosky v. Kroger Texas, LP, 288 F.3d 208 (5th Cir. 2002). But cases hold that a defendant can still show a case to be removable despite state court pleadings that do not explicitly state a demand for more than the amount in controversy. Id., 288 F.3rd at 212. Thus, even if Mrs. Jones' deposition and the other discovery responses were not sufficiently clear to trigger the removal period, they armed Defendant with facts that it could have used, before the one-year period passed, to remove and attempt to satisfy its burden of establishing the amount in controversy. The undersigned ordinarily grants considerable weight to allegations that the plaintiff has or will require a significant surgery, especially if the underlying injuries or the surgery itself are described with adequate detail to discern a serious nature and expense of the surgery. Nordman, 2009 WL 976493, *3.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE